UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA RIOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　Defendant. | Case No. 1:22-cv-01164-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2]<br><br>(Doc. Nos. 14, 16) |

Sonya Rios ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 14, 16-17). For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and remands the matter to the Commissioner of Social Security for further administrative proceedings.

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 19).

## I.      JURISDICTION

Plaintiff protectively filed for supplemental security income and disability insurance benefits on October 30, 2018, alleging a disability onset date of April 2, 2011 in both applications.  (AR 229-37).  Benefits were denied initially (AR 69-108, 151-62) and upon reconsideration (AR 109-48, 165-76).  Plaintiff appeared for a telephonic hearing before an administrative law judge ("ALJ") on March 9, 2021.  (AR 37-68).  Plaintiff testified at the hearing and was represented by counsel.  (*Id.*).  On April 9, 2021, the ALJ denied benefits (AR 16-36), and on February 25, 2022 the Appeals Council denied review.  (AR 5-10).  The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

////

## II.      BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 38 years old at the time of the hearing.  (AR 43).  She has her GED.  (AR 43).  She lives with her children's grandparents and her five children.  (AR 44).  She has work history as a gambling dealer.  (AR 46-48, 62).  Plaintiff testified that she was let go from her job because she has absence seizures, her vision was impaired, her attendance was not good, and she had to take breaks because of sudden dizziness when standing.  (AR 46-49).  Plaintiff testified that she has neuropathy that causes pain and numbness on her right side and sometimes on her left side, she has headaches that start in her neck and shoot down into her back, and she loses feeling in her hands.  (AR 49-51, 58).  Plaintiff testified that she has two to three seizures a month, is on medication for seizure control, and stress causes more frequent seizures.  (AR 53, 60).  She reported depression and anxiety.  (AR 54).  Plaintiff can sit for 10 minutes before she has to change position, and she can be on her feet for 5 to 10 minutes at the most.  (AR 57).

## III.      STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

////

**IV.    SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a

3

claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20

4

C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

/////

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff engaged in substantial gainful activity from April 2, 2011 through June 30, 2012, but there has been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. (AR 21-22). At step two, the ALJ found that Plaintiff has the following severe impairments: seizure-like activity, vertebral artery stenosis status-post 2013 vertebral artery dissection, cervical degenerative disease with foraminal stenosis, degenerative disc disease of the lumbar spine, headaches, and major depressive disorder. (AR 22). The ALJ also noted that Plaintiff currently has small fiber neuropathy in the lower extremity. (AR 22). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 22). The ALJ then found that Plaintiff has the RFC to

5

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except claimant can occasionally balance, stoop, kneel, crouch, and crawl, and climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds, perform tasks involving exposure to extraordinary hazards such as unprotected heights and dangerous unguarded moving mechanical parts that can engage the body parts. The claimant cannot work in loud noise work environments. The claimant can frequently reach in all directions with the non-dominant right upper extremity, push and pull with the right upper extremity, and frequently use the right upper extremity for gross handling and fine fingering. She can sustain the attention and concentration to carry out and adapt to the demands of simple repetitive tasks, make simple work-related decisions, and maintain attention and concentration for two hour increments.

(AR 24-25). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 29). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: document preparer, order clerk, and credit checker. (AR 30). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from April 2, 2011, through the date of the decision. (AR 30).

////

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and
2. Whether the RFC failed to account for limitations resulting from the severe impairments of headaches and seizure-like activity.

(Doc. No. 14 at 11-17).

## VII.   DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules*

*Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 404.1520c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id*. at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ improperly considered the medical opinion of consulting psychologist Elke Kurpiers, Ph.D. (Doc. No. 14 at 11-14). In March 2019, Dr. Kurpiers conducted a comprehensive mental evaluation of Plaintiff, including review of records, and opined that Plaintiff has mild to moderate difficulties in maintaining social functioning, mild to moderate difficulties of concentration, and she is able to understand, carry out, and remember simple instructions. (AR 808). Dr. Kurpiers also opined that "persistence and pace appear more severely impaired" and "repeated episodes of emotional deterioration in work-like situations are likely." (*Id*.). The ALJ found the opinion was partially persuasive because "Dr. Kurpiers' [sic] speculated that the claimant would have more severe problems with persistence and pace with emotional deterioration in work-like situations. Dr. Kurpiers saw the claimant on a single occasion and appears to have based her assessment almost exclusively upon the claimant's subjective reports." (AR 28).

Plaintiff argues the ALJ "wholly failed" to explain how both the supportability and consistency factors were considered, as required under the new regulations. (Doc. No. 14 at 13); 20 C.F.R. § 404.1520c(b)(2). First, as to the consistency factor, the Court agrees that the ALJ did not provide the requisite explanation as to whether the limitations assessed by Dr. Kurpiers were consistent with evidence from other medical and nonmedical sources in the record. *See Woods*, 32 F.4th at 792. Defendant argues the ALJ found Dr. Kurpiers' opinion was inconsistent with Plaintiff's daily activities and treatment records noting Plaintiff presented with normal attention

1  and concentration.  (Doc. No. 16 at 9).   However, in support of this argument, Defendant cites

2  the ALJ's summary of the medical evidence and findings at step three (AR 23-24, 27).  As argued

3  in Plaintiff's reply, the Court is not permitted to consider this reasoning is it was not offered as an

4  explanation as to why Dr. Kurpiers' opinion was only partially persuasive.  (Doc. No. 17 at 2

5  (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court

6  "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—

7  not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been

8  thinking.")).

9       Second, arguably as to the supportability factor, the ALJ generally noted that Dr.

10 Kurpiers' "speculated" that Plaintiff would have more severe problems with persistence and pace

11 and was likely to have repeated episodes of emotional deterioration in work-like situations; Dr.

12 Kurpiers only saw Plaintiff on one occasion; and Dr. Kurpiers "appears to have based her

13 assessment almost exclusively upon [Plaintiff's] subjective reports."  (AR 28).  Initially, as

14 argued by Plaintiff, "it is unclear as to why the ALJ contends Dr. Kurpiers 'speculated' the

15 persistence and pace limitation but doesn't contend speculation of any of the other opined

16 limitations."  (Doc. No. 14 at 13); *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (when

17 considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather,

18 the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are

19 correct.").  Moreover, while the ALJ is permitted to consider the length, purpose, and extent of

20 the treating relationship in considering the persuasiveness of a medical opinion under the new

21 regulations (20 C.F.R. § 404.1520c(c)(3)), the fact that Dr. Kurpiers examined Plaintiff one time,

22 standing alone, is not a legally sufficient basis for rejecting the opinion.  *See* 20 C.F.R. §

23 404.1520c(a) (directing the ALJ to consider and evaluate the persuasiveness of all medical

24 opinions or prior administrative findings from medical sources); *see also Yeakey v. Colvin*, 2014

25 WL 3767410, at *6 (W.D. Wash. July 31, 2014) ("[d]iscrediting an opinion because the

26 examining doctor saw [Plaintiff] one time would effectively discredit most, if not all, examining

27 doctor opinions."); *Mary Elizabeth C. v. Saul*, 2020 WL 2523116, at *8 (C.D. Cal. May 18, 2020)

28 (finding ALJ improperly discounted opinion "on the basis that his evaluation was based on a

single examination).

Finally, the ALJ provides no explanation for the finding that Dr. Kurpiers' opinion is based "almost exclusively" on Plaintiff's self-reports. (AR 28); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). In considering the supportability factor, presumably "[a]n ALJ may reject a [] physician opinion if it is based 'to a large extent' on claimant's self-reports that have been properly discounted as incredible" as opposed to objective findings. *Tommasetti*, 533 F.3d at 1041; 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions" will be). However, in this case, the ALJ entirely failed to consider Dr. Kurpiers' objective mental status examination findings, including mildly decreased affect, sad mood, somatic concerns, decreased concentration and memory, inability to perform serial 7s and 3s, limited arithmetic ability, impaired three word recall, "fair" fund of information, and fair insight. (AR 806-07). Dr. Kurpiers also specifically noted that she reviewed medical records and social security disability reports as part of the examination. (AR 804). Thus, to the extent the ALJ found Dr. Kurpiers' opinion less persuasive based on an alleged over-reliance on Plaintiff's unreliable self-report, this finding is not supported by substantial evidence.

Based on the foregoing, the ALJ's finding that Dr. Kurpiers' opinion is only partially persuasive is not supported by substantial evidence. On remand the ALJ must reconsider Dr. Kurpiers' opinion along with any relevant medical opinion evidence.

**B. RFC / Symptom Claims**

Plaintiff additionally argues "the ALJ failed to include work-related limitations in the RFC finding consistent with the severity of Plaintiff's headaches and seizures, despite finding that they are severe." (Doc. No. 14 at 14-17). In light of the need to reconsider Dr Kurpiers' medical opinion, which the Court notes is also discussed at length in the ALJ's summary of the medical

evidence and consideration of Plaintiff's symptom claims (AR 27), the Court declines to address this challenge in detail here.  On remand, the ALJ is instructed to reconsider the medical opinion evidence and conduct a new sequential analysis, including a reevaluation of Plaintiff's symptom claims, and reassessment of the RFC as necessary.

**C. Remedy**

Plaintiff requests that the case be remanded for further proceedings including a *de novo* hearing and a new decision.  (Doc. No. 14 at 17).  The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence.  "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.  On remand, the ALJ should reconsider the medical opinion evidence and Plaintiff's symptom claims, particularly as to her claimed limitations of headaches and seizure-like activity.  The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts.  The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 14) is GRANTED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:   January 24, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE